UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANUEL DE JESUS SABILLON MUNOZ,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden / Facility Administrator, Northwest Processing Center,<br><br>Respondents. | CASE NO. 2:26-cv-02420-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order. Dkt. No. 19. Having considered the motion and the relevant record, the Court DENIES the motion.

Petitioner asks the Court to enjoin Respondents from transferring him outside the jurisdiction of the Western District of Washington during the pendency of these habeas corpus proceedings (*id.* at 1) and asserts that "Respondents have initiated actions to imminently transfer Petitioner to another detention facility outside this District and/or deport him to Mexico or a third

country" (*id.* at 2). However, Petitioner provides no support for this assertion, and, accordingly, the motion does not establish that transfer or removal is imminently likely in the absence of preliminary relief.[1] The Court previously entered a scheduling order requiring:

> Respondents shall provide Petitioner in this habeas action at least 7 days' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States. Respondents shall also . . . file the notice of intent to transfer or remove on the Court's docket[.]

Dkt. No. 4 at 2.

As of now, no notice of intent to transfer or remove has been filed to the docket, which the Court takes as the Government's guarantee that Petitioner will not be removed or transferred from the district in the next seven days. Therefore, the Court DENIES the present Motion for TRO with leave to refile if the Government provides Petitioner with a notice of intent to remove or if Petitioner has other evidence to present to the Court that his removal or transfer is imminent. The Government is REMINDED that its responsibilities under the Court's scheduling order include providing **seven (7) days' notice** *both* to Petitioner *and* to the Court before transferring Petitioner from the District or removing him from the United States.

Accordingly, the Court denies Petitioner's Motion for Temporary Restraining Order. Dkt. No. 19.

Dated this 27th day of August, 2026.

Tana Lin
United States District Judge

[1] This conclusory language appears to be either boilerplate drawn from a template or recycled wording from another individual's motion. The Court notes in particular that Petitioner is a citizen of Honduras, not Mexico. *See* Dkt. No. 1 (Petition for Writ of Habeas Corpus) ¶ 9.