UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANUEL DE JESUS SABILLON MUNOZ,

Petitioner,

v.

BRUCE SCOTT, Warden / Facility Administrator, Northwest Processing Center,

Respondents.

CASE NO. 2:26-cv-02420-TL

AMENDED ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

This matter was previously before the Court on Petitioner's Motion for Temporary Restraining Order ("Motion for TRO") (Dkt. No. 19) and is again before the Court on its own motion. In light of new evidence presented after the Court issued its original Order on the Motion for TRO (Dkt. No. 21), specifically, the Government's Notice to the Court (Dkt. No. 22), the Court VACATES its previous Order (Dkt. No. 19) and GRANTS the Motion for TRO.

Petitioner asks the Court to enjoin Respondents from transferring him outside the jurisdiction of the Western District of Washington during the pendency of these habeas corpus

proceedings. Dkt. No. 19 at 1. The Court entered an Order this morning deny the Motion for TRO because the Court had already entered a scheduling order requiring Respondents to provide Petitioner and the Court seven days' notice before transferring or removing him, and because such notice did not appear on the record, which the Court "t[oo]k[] as the Government's guarantee that Petitioner will not be removed or transferred from the district in the next seven days." Dkt. No. 21 at 2 (citing Dkt. No. 4 (scheduling order) at 2). The Court allowed, however, that a TRO might be appropriate upon presentation of evidence "that [Petitioner's] removal or transfer is imminent." *Id.*

Just eighteen minutes after the Court entered its Order, counsel for the United States filed the following notice:

> The United States hereby informs the Court that this Office recently discovered that Immigration and Customs Enforcement ("ICE") transferred Petitioner out of the Western District of Washington to the District of Arizona on August 25, 2026. Counsel has since confirmed with ICE that Petitioner will return to the Western District of Washington and the Northwest ICE Processing Center ("NWIPC") later today, August 27, 2026. ICE did not notify this Office prior to the transfer. The United States will notify the Court once Petitioner's return to the NWIPC is confirmed.

Dkt. No. 22 at 1.

The Court commends the Government's counsel for recognizing its client's error and taking swift action to inform the Court and correct the violation. At the same time, the Court is deeply disturbed by the Government's violation of its previous order, which could have completely stripped Petitioner of his right to access this Court and have his pending habeas petition adjudicated. As to Petitioner's Motion for TRO, the Court's previous confidence that the scheduling order provides him with sufficient protection has evaporated.

The Court therefore finds that the Temporary Restraining Order Petitioner seeks is justified and that the criteria for preliminary injunctive relief are met. *See Winter v. Nat. Res.*

*Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Both parties have asked the Court to evaluate Petitioner's detention as being governed by 8 U.S.C. § 1226(a). *See* Dkt. No. 1 (Petition for Writ of Habeas Corpus) ¶ 2, Dkt. No. 16 (Government's Response to Order to Show Cause) at 5. As an immigration detainee subject to Section 1226(a), Petitioner is entitled to a fair bond hearing, and his claim that an immigration judge legally erred in denying him bond is legally relevant and has a reasonable likelihood of success. Without a TRO, the Government may remove Petitioner from the United States before his habeas petition can be adjudicated, depriving him of the opportunity to have his petition adjudicated and perhaps also of the ability to appeal a recent decision of the Board of Immigration Appeals (*see* Dkt. No. 16 at 5). Additionally, the Government suffers no undue hardship in a brief delay of any transfer or removal so that the lawfulness of Petitioner's detention can be adjudicated, which is also in the public interest. *See Jorge M.F. v. Wilkinson*, No. C21-1434, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." (citation modified)). Therefore, a TRO is justified.

Accordingly, the Court VACATES its previous Order (Dkt. No. 21) and GRANTS Petitioner's Motion for Temporary Restraining Order (Dkt. No. 19). Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are PROHIBITED from executing Petitioner's removal from the United States or from transferring Petitioner outside the jurisdiction of the Western District of Washington until Petitioner's Petition for Writ of Habeas Corpus has been resolved.

Dated this 27th day of August, 2026.

Tana Lin
United States District Judge